**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv539**

| | |
|---|---|
| HILLIS PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the decision of the Commissioner.

   I.   **Procedural History**

Plaintiff filed an application for disability insurance benefits and an application for supplemental security income on February 25, 2011. (Transcript of

Administrative Record ("T.") 135, 160-61.) Plaintiff alleged an onset date of June 1, 2010. (T. 136.) The Social Security Administration denied Plaintiff's claims. (T. 184-89.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 190-208.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 91-133.) The ALJ then issued a decision finding that Plaintiff was not disabled from June 1, 2010, through the date of the decision. (T. 21-31.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 2-7). In denying Plaintiff's request for review, the Appeals Council considered the addition evidence submitted by Plaintiff. (T. 6.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his June 21, 2013, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since June 1, 2010. (T. 31.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Security Act through June 30, 2012.

(2) The claimant has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments:

degenerative disc disease of the cervical spine and peripheral neuropathy (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ropes, ladders or scaffolds and occasional, but not constant, handling and fingering.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on September 20, 1961 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and

416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2010, through the date of this decision (20 CFR 4041520(g) and 416.920(g)).

(T. 21-31.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by

substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

**V.     Analysis[1]**

Plaintiff contends that remand is required in this case because the ALJ erred by determining that Plaintiff had a limited education rather than being illiterate.  In addition, Plaintiff contends that remand is required because the additional evidence that Plaintiff submitted to the Appeals Council requires that the case be remanded so that the ALJ can consider the Plaintiff's school records.

As a threshold matter, the additional evidence submitted to the Appeals Council – Plaintiff's school records – does not independently require remand, as the Appeals Council was entitled to accept the new and material evidence, evaluate the new evidence with the other evidence in the record, and deny the request for review.  Meyer v. Astrue, 662 F.3d 700, 704-05 (4th Cir. 2011).  As the District Court has aptly explained: "[w]hen new evidence is presented to and actually considered by the appeals council, the issue before this reviewing court is whether, when the record is considered as a whole (including the new evidence submitted to the Appeals Council), the decision of the ALJ is supported by substantial

---

[1]  Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

evidence." Ellis v. Colvin, No. 2:12-cv-00018-MOC-DLH, 2013 WL 3976623, at *2 (W.D.N.C. Aug. 2, 2013) (Cogburn, J.); see also Wilkins v. Sec.'y, Dep't. Health & Human Servs., 953 F.2d 93, 96 (4th Cir.1991). Because the Appeals Council considered the additional evidence and incorporated the new evidence into the administrative record (T. 2-6.), the Court must review this evidence when determining whether substantial evidence supports the Commissioner's findings. See Wilkins, 953 F.2d at 96; Meyer, 662 F.3d at 704-07. Put another way, the question for the Court is a single one: whether considering all the evidence in the record, including Plaintiff's school records submitted to the Appeals Council, the determination by the ALJ that Plaintiff had a limited education, as opposed to being illiterate, is supported by substantial evidence in the record.

Findings regarding Plaintiff's educational level are pertinent to step five of the sequential evaluation when the ALJ looks to the medical-vocational guidelines to determine whether Plaintiff has the ability to perform other work in the national economy. See generally Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987). The regulations define illiteracy, marginal education, and limited education. 20 C.F.R. § 404.1564.

> (1) Illiteracy. Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no

formal schooling.

> (2) Marginal education. Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education.
>
> (3) Limited education. Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.

20 C.F.R. § 404.1564(b)(1)-(3).

As the regulation also explains, formal education completed by a claimant is not always dispositive of educational level for purposes of the medical-vocational guidelines. C.F.R. § 404.1564(b).

> The importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of your physical or mental impairment(s) and by what you have done with your education in a work or other setting. Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities. The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education.

Id.

Plaintiff stated in a Disability Report that he can speak and understand English, read and understand English, and can write more than his name in English. (T. 241.) Moreover, Plaintiff indicated that on April 4, 2011, he completed a work history report, which was filled out by hand. (T. 247-254.) There is no evidence that any other individual filled out this form. At the hearing, Plaintiff testified that he started eleventh grade but did not complete eleventh grade. (T. 95.) Plaintiff testified that he was advanced in grade despite not passing his classes. (T. 95-96.) This testimony is consistent with the additional evidence submitted to the Appeals Council which shows Plaintiff advancing from the seventh to eleventh grade despite earning Ds and Fs in all his graded academic classes. (T. 278.) Plaintiff also testified that he could read and write "a little." (T. 95.) Plaintiff stated that he could not read much of the newspaper and could not read the letters that Social Security sends to him. (Id.) In addition, Plaintiff stated that while he could not do addition and subtraction, he could tell time and count some money. (Id.)

Upon a review of all the evidence in the record, including Plaintiff's school records, the Court finds that substantial evidence supports the finding of the ALJ that Plaintiff had a limited education. Moreover, the record does not support a finding that Plaintiff was illiterate. Even setting aside Plaintiff's formal schooling,

the record does not demonstrate that Plaintiff "cannot read or write a simple message such as instructions or inventory lists even though [he] can sign his . . . name." 20 C.F.R. § 404.1564(b)(1). To the contrary, substantial evidence supports the decision of the ALJ that Plaintiff could read and write at a level beyond that associated with being illiterate, as that term is defined in the regulations. And as the District Court stated in Joines v. Colvin, "it is not the province of this court to reweigh the evidence before the Commissioner, but instead only to ensure application of the correct legal standards and that the Commissioner's decision is supported by substantial evidence." 3:14-cv-00396-MOC, 2015 WL 1249579, at * 10 (W.D.N.C. Mar. 18, 2015) (Cogburn, J.) (holding that substantial evidence supported ALJ determination that the claimant was of a limited education rather than illiterate). Accordingly, the Court finds Plaintiff's assignment of error is without merit and remand is not required in this case. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], and **DENY** Plaintiff's Motion for Summary Judgment [# 11].

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the decision of the Commissioner.

Signed: August 31, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).